IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALFRED MATTHEW EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-cv-0116-MJR |
| | ) | |
| CITY OF STEELEVILLE, ILLINOIS, | ) | |
| MICHAEL ARMSTRONG, | ) | |
| THE STEELEVILLE CITY COUNCIL, | ) | |
| IMOGENE FIENE, DENNIS FULKROD, | ) | |
| ANDREW GERLACH, | ) | |
| DAVID HARPER, ROBERT REISS, and | ) | |
| CINDY SICKMEYER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

**A. Factual and Procedural History**

On February 22, 2005, Plaintiff Alfred Matthew Edwards filed with this Court a nine-count Complaint against several defendants: The City of Steeleville, Michael Armstrong, The Steeleville City Council, Imogene Fiene, Dennis Fulkrod, Andrew Gerlach, David Harper, Robert Reiss, and Cindy Sickmeyer (hereinafter "Defendants") (Doc. 1). In Edwards' nine separate Counts – each directed at one of the nine named defendants – Edwards asserts that he was deprived of "freedoms, liberties, and rights" pursuant to Title VII of the Civil Rights Act of 1964, **42 U.S.C. § 2000e, *et seq.* ("Title VII")**, **42 U.S.C. § 1981,** when he was terminated from his position of employment as a full-time police officer for the City of Steeleville.

Now before this Court is the Defendants' motion to dismiss (Doc. 4).

1

B. <u>Analysis</u>

In their motion to dismiss, the Defendants assert multiple arguments for dismissal. The Court considers each in turn.

*Count III against the Steeleville City Council*

The Defendants first argue that the Steeleville City Council, the defendant against which Count III is asserted, is not a separate legal entity capable of being sued. The Defendants are correct, as the Steeleville City Council is simply the legislative body for the City of Steeleville, which is already named as the defendant in Edwards' Count I. Count III asserts the same cause of action, recites the same factual allegations, and requests the same relief as Count I. Accordingly, the Court hereby **DISMISSES** Count III with prejudice.

*Count II against Michael Armstrong*

As to Edwards' claim against Michael Armstrong in his individual capacity, the Defendants assert two bases for dismissal. First, the Defendants assert that Michael Armstrong (as well as the other individually named defendants) is immune from suit because of, *inter alia,* the doctrine of "qualified immunity." Second, the Defendants argue that the claim against Armstrong should be dismissed for Edwards' failure to state a valid cause of action against him.

The Supreme Court has instructed lower federal courts faced with motions to dismiss based on qualified immunity to determine first whether the complaint states valid causes of action. Only if the Court finds the complaint states valid causes of action should the Court determine whether immunity shields the defendants from trial and liability. ***Kitzman-Kelly v. Warner,* 203 F.3d 454, 457 (7th Cir. 2000)(citing *Count of Sacramento v. Lewis,* 523 U.S. 833 (1998)).** Bearing this in mind,

the Court first considers whether Count II states a claim upon which relief can be granted.

**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** governs motions to dismiss for failure to state a claim upon which relief can be granted. When considering a motion to dismiss for failure to state a claim, the Court accepts the plaintiff's allegations as true, and construes all inferences in favor of the plaintiff. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Thompson v. Ill. Dep't of Prof. Regulation,* 300 F.3d 750, 753 (7th Cir. 2002). Dismissal for failure to state a claim is warranted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mattice v. Memorial Hosp. Of South Bend, Inc.,* 249 F.3d 682, 684 (7th Cir. 2001), *citing Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). *Accord Hishon,* **467 U.S. 69, 73 (Rule 12(b)(6) dismissal is appropriate only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations").**

"Federal complaints plead *claims* rather than facts." *Kolupa v. Roselle Park District,* - - F.3d - -, 2006 WL 306955 *1 (7th Cir. Feb. 10, 2006). Under the liberal notice pleading requirements of the federal rules, all that is required to state a claim "is a short statement, in plain ... English, of the legal claim." *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir. 1999); FED. R. CIV. P. 8(a)(2). "It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate." *Kolupa,* at * 1. "A full narrative is unnecessary." *Id.*; *see also, e.g., Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002); *McDonald v. Household International, Inc.,* 425 F.3d 424, 427-28 (7th Cir. 2005); *Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073, 1077-78 (7th Cir. 1992). Thus, Rule 12(b)(6) dismissal should be denied "if any facts that might be established within [a plaintiff's] allegations

3

would permit a judgment for the plaintiff." *Duda v. Board of Education of Franklin Park Public School District No. 84,* 133 F.3d 1054, 1057 (7th Cir. 1998).

The Defendants argue that Edwards' claim against Michael Armstrong, the Mayor of Steeleville, must fail because Edwards "does not allege that [Armstrong] was a decision maker who might have a duty to provide due process to the plaintiff" (Doc. 5, p.2). The Court acknowledges that Edwards' complaint is silent on this point. However, on a motion to dismiss, "silence is not a concession ..., [s]ilence is just silence and does not justify dismissal ...." *Kolupa,* **at \*2.** "[C]omplaints need not narrate events that correspond to each aspect of the applicable rule ...." *Id.* **at \*1.** "When dealing with complaints ... judges must assume in the plaintiff's favor everything that could be shown consistent with the allegations." *Id.* **at \*2.**

Viewing Count II in this manner, the Court finds that the factual allegation the Defendants find lacking from Edwards' claim – that Michael Armstrong was a "decision maker" – "could be shown consistent with the [other] allegations" in Count II. Accordingly, this Court finds that dismissal of this Count for failure to state a claim is not appropriate.

### *The Defendant's Assertions of Absolute Immunity and Qualified Immunity*

The Defendants further argue that those of Edwards' claims directed at the individual City Council members, including Mayor Michael Armstrong, must be dismissed, as these individuals are "entitled to absolute immunity or, in the alternative, to qualified immunity" (Doc. 5, p.2).

#### *Absolute Immunity*

The Defendants assert that each of the individual defendants is entitled to absolute immunity for their actions. For support, the Defendants cite to *Bogan v. Scott-Harris,* **523 U.S. 44**

4

**(1998).** In *Bogan,* the Supreme Court held that local legislators "are entitled to absolute immunity from § 1983 liability for their legislative activities." *Bogan,* **523 U.S. at 54.** The Court further explained:

> Absolute legislative immunity attaches to all actions taken "in the sphere of legitimate legislative activity." ... Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it.

*Id.* **at 54-55.**

The Court added that officials *outside* the legislative branch are entitled to the same immunity, when they perform legislative functions. *Id.* **at 55.** The actions in question in *Bogan* were legislative, even though Bogan was an executive official, because the actions "were integral steps in the legislative process." *Id.*

Generally, though, employment decisions – such as Edwards' termination – are administrative, not legislative. The exception is when such decisions are "accomplished through traditional legislative functions" like policy making, budget restructuring, or activities that "strike at the heart of the legislative process." *Rateree v. Rockett*, **852 F.2d 946, 950 (7th Cir. 1988).** Here, the challenged actions of the Defendants (terminating Edwards from his position of employment as a full-time police officer for the City of Steeleville) do not appear to have been legislative in nature. These actions targeted a specific individual, not the position held by that individual, and (judging from the record before the Court) were not based on broader policy concerns like budgetary needs. Accordingly, dismissal is not warranted based on the theory of absolute immunity.

*Qualified Immunity*

The doctrine of qualified immunity protects government officials from monetary liability when their conduct "does not violate clearly established statutory or constitutional rights of

which a reasonable person would have known." ***Kitzman-Kelley*, 203 F.3d at 457 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).** The doctrine permits government officials the freedom to perform their discretionary functions without fear of potential liability for civil damages. ***Elwell v. Dobucki*, 224 F.3d 638, 640 (7th Cir. 2000). *See also Landstrom v. Illinois Dept. of Children and Family Services*, 892 F.2d 670, 674 (7th Cir. 1990)(recognizing that the doctrine of qualified immunity protects public officers "from undue interference with their duties and from potentially disabling threats of liability").** Officials lose their immunity only when their conduct violates clearly established statutory or constitutional rights. ***Elwell* at 640 (citing *Harlow*, 457 U.S. at 817).**

The plaintiff bears the burden of establishing that a constitutional right was clearly established at the relevant time. ***Jacobs v. City of Chicago*, 215 F.3d 758, 766 (7th Cir. 2000).** The Seventh Circuit has explained:

> The plaintiff must demonstrate that at the time of the alleged unconstitutional actions of the defendants, there was clearly established law holding that their actions violated rights secured by the Constitution of the United States.

***Kitzman-Kelley*, 203 F.3d at 459.** A right is "clearly established" if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." ***Anderson v. Creighton*, 483 U.S. 635, 640 (1987).** To determine whether a right is clearly established, the courts look to controlling supreme Court precedent and Circuit law. ***Jacobs*, 215 F.3d at 767.**

As the above rules of law underscore, the qualified immunity analysis depends upon a sufficiently detailed exposition of the underlying facts of a particular claim. "[W]hen defendants do assert immunity, it is essential to consider facts in addition to those in the complaint." ***Alvarado v.***

6

*Litscher,* 267 F.3d 648, 652 (7th Cir. 2001). However, as the Seventh Circuit repeatedly has held, on a motion to dismiss for failure to state a claim, the District Court may only review the plaintiff's complaint and certain exhibits or documents attached to the plaintiff's claim. ***See, e.g., Beanstalk Group, Inc. v. AM General Corp.,*** 283 F.3d 856, 868 (7th Cir. 2002); ***Rosenblum v. Travelbyus.com, Ltd.,*** 299 F.3d 657, 661 (7th Cir. 2002), *citing Wright v. Assoc. Ins. Co., Inc.,* 29 F.3d 1244, 1248 (7th Cir. 1994).

For this reason, "a complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds." *Id.* **at 651.** "Because an immunity defense usually depends on the facts of the case, dismissal at the pleading stage is inappropriate: '[T]he plaintiff is not required initially to plead the factual allegations that anticipate and overcome a defense of qualified immunity'." *Id.*

Upon the limited record before it on the Defendants' motion to dismiss, this Court cannot conclude – at this stage of the proceedings – that the doctrine of qualified immunity shields the actions of any of the individually-named defendants. Accordingly, the Court **DENIES** the Defendants motion to dismiss on the basis of qualified immunity.

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part the Defendants' motion to dismiss (Doc. 4). The Court hereby **DISMISSES** Count III with prejudice. Dismissal as to Edwards' eight remaining Counts is **DENIED.**

**IT IS SO ORDERED.**

**DATED this 7th day of March, 2006.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**