IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ALFRED MATTHEW EDWARDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 05-cv-0116-MJR |
| | ) | |
| **CITY OF STEELEVILLE, ILLINOIS,** | ) | |
| **MICHAEL ARMSTRONG,** | ) | |
| **IMOGENE FIENE, DENNIS FULKROD,** | ) | |
| **ANDREW GERLACH,** | ) | |
| **DAVID HARPER, ROBERT REISS, and** | ) | |
| **CINDY SICKMEYER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

A. **Factual and Procedural History**

On February 22, 2005, Plaintiff Alfred Matthew Edwards filed with this Court a nine-count Complaint against several defendants: The City of Steeleville, Michael Armstrong, The Steeleville City Council, Imogene Fiene, Dennis Fulkrod, Andrew Gerlach, David Harper, Robert Reiss, and Cindy Sickmeyer (hereinafter "Defendants") (Doc. 1). In Edwards' nine separate Counts – each directed at one of the nine named defendants – Edwards asserts that he was deprived of "freedoms, liberties, and rights" pursuant to Title VII of the Civil Rights Act of 1964, **42 U.S.C. § 2000e, *et seq.* ("Title VII")**, **42 U.S.C. § 1981,** when he was terminated from his position of employment as a full-time police officer for the City of Steeleville.

On March 7, 2006, this Court dismissed with prejudice Edwards' Count III and the "Steeleville City Council" (Doc. 20). Now before this Court is the Defendants' motion for summary

judgment as to Edwards' eight remaining counts (Doc. 13). The key facts relevant to resolution of the motion before the Court are not in dispute. Accordingly, a detailed recitation of those facts is unnecessary.

B. **Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, admissions, and affidavits leave no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. **FED. R. CIV. P. 56(c).** The moving party bears the burden of establishing both the absence of fact issues and entitlement to judgment as a matter of law. ***Santaella v. Metropolitan Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997).**

In determining whether a genuine issue of material fact exists, the Court reviews the record in the light most favorable to the non-moving party and makes all reasonable inferences in the non-movant's favor. ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Ulichny v. Merton Community School Dist.*, 249 F.3d 686, 699 (7th Cir. 2001); *Miranda v. Wisconsin Power & Light Company*, 91 F.3d 1011, 1014 (7th Cir. 1996).**

C. **Analysis**

In the eight remaining counts of his complaint, Edwards claims that he was denied his constitutional right to procedural due process when the Defendants terminated his employment as a police officer for the City of Steeleville. In analyzing any due process claim, this Court must answer two questions: "(1) whether the defendants deprived the plaintiff[] of a constitutionally protected liberty or property interest; and (2), if so, whether that deprivation occurred without due process of

law." *Williams v. Seniff,* **342 F.3d 774, 786-87 (7th Cir. 2003).**

*Whether Edwards Possessed a Property Interest in His Former Employment*

In order to succeed on his due process claims, Edwards must first show that he possessed a constitutionally-protected property interest in his job as a full-time police officer for the City of Steeleville. *See Border v. City of Crystal Lake,* **75 F.3d 270, 273 (7th Cir. 1996);** *Wolf v. City of Fitchburg,* **870 F.2d 1327, 1330 (7th Cir. 1989).** Property interests "are not created by the Constitution ... rather, they are created by existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits, and that support claims of entitlement to those benefits." *Board of Regents v. Roth,* **408 U.S. 564, 577 (1972).** Such protections may arise via statute, regulations, municipal ordinance, or via an express or implied contract. *Domiano v. Village of River Grove,* **904 F.2d 1142, 1147 (7th Cir. 1990).** A property interest might also arise from a "common law" of employment established through rules or "mutually explicit" understandings between an employer and an employee. *Hermes v. Hein,* **742 F.2d 350, 355 (7th Cir. 1984).**

Because Edwards was employed in Illinois, this Court first must look to Illinois law in determining whether he had a property interest in his position as a police officer. *Border,* **75 F.3d at 273.** Illinois is an employment-at-will state. *Harris v. Eckersall,* **771 N.E.2d 1072, 1074-75 (Ill.App. 1st Dist. 2002).** As a result of this presumption, in Illinois, "absent a specific contract to the contrary, employment contracts are terminable at will ... an at-will employee can be terminated at any time for any reason or no reason, [and] an at-will employee has no property interest in continued employment." *Id.* **at 1075.** "[A]bsent legislative, administrative, or contractual provisions to the contrary, a public employee in Illinois holds his office at the pleasure of the appointing power, which

3

may remove him at any time." *Id.*

Despite Illinois' presumption of "at-will" employment, Edwards asserts that his employment was not "at will," and that he had a property interest in his continuing employment as a police officer for the City of Steeleville. For support, Edwards cites to a number of sources from which, he maintains, a property interest in his former position can be identified.

First, Edwards asserts that a provision in the Steeleville Police Department Policy and Procedure Manual ("Procedure Manual")(Doc. 15, Ex. 8) contains evidence that Edwards' employment was not "at will." Specifically, Edwards points out that the Procedure Manual states that a suspension must be "for cause," and that it logically follows that termination must therefore also be "for cause."

Under Illinois law, provisions or promises made in employee handbooks and manuals may, in some contexts, give rise to a legitimate claim of entitlement sufficient to be protected as a property interest. ***Campbell v. City of Champaign*, 940 F.2d 1111, 1112 (7th Cir. 1991).** However, three requirements must be established before such a handbook or manual will be construed as creating a contract and constitutional entitlement. ***Border***, **75 F.3d at 273**. First, the language must contain a promise clear enough that an employee would reasonably believe that an offer had been made. *Id.* Second, the statement must be disseminated in such a manner that the employee "is aware of its contents and reasonably believes it to be an offer." *Id.* Finally, the employee must accept the offer by commencing or continuing to work after learning of the statement. *Id.*

The Procedure Manual does not satisfying these requirements. The language in the cited provision does not contain a "clear promise" of continued employment. Edwards himself implicitly concedes this point, requesting that this Court construe something into the language of the

4

provision that is not expressly stated, but that purportedly "logically follow[s]" from a requirement that a *suspension* be "for cause." Regardless of whether it logically follows that termination must also be "for cause," the fact that an inferential step must be undertaken by this Court simply to construe the provision as *stating* "termination must be for cause" indicates how far short the provision falls of clearly *promising* or *offering* such protection to an employee. In other words, not only does the provision fail to *promise* that Edwards' termination must be "for cause," but it fails to even *express* such a concept with any clarity.

Edwards further points out that the Procedure Manual refers to certain procedures to be followed in charging, suspending, or terminating a police officer, which include the holding of "hearings" and the right of legal representation for accused officers. Nonetheless, "[m]ere procedural rights ... do not of themselves give rise to property interests protected under the Fourteenth Amendment." ***Heck v. City of Freeport*, 985 F.2d 305, 311 (7th Cir. 1993).** Edwards must establish that he had property interest in his continued *employment*; in other words, that his *employment* was other than "at-will." ***See Campbell*, 940 F.2d at 1113 ("When the claimed deprivation is the loss of a job, the entitlement must be to the job, rather than to a set of disciplinary procedures).** Other than the vague requirement that a suspension be "for cause," Edwards has not cited to any other evidence within the Procedure Manual that even arguably could be construed as a promise "clear enough that an employee would reasonably believe that an offer [of continuous employment] had been made."

Moreover, Edwards has failed to present sufficient evidence to show that the Procedure Manual was disseminated in such a manner that an officer such as Edwards would not only be aware of its contents, but also reasonably believe it to constitute an offer. On the contrary, as Defendants

5

point out, the Procedure Manual contains a conspicuous and clear "disclaimer" stating: "The employee further recognizes that this Code is not a binding contract ... [n]othing contained in this Code shall be construed as creating an employment agreement between the Village and its employees...." (Doc. 14, Ex. G).  While Edwards points out that Michael Armstrong acknowledged that the Procedure Manual was the policy of the Steeleville Police Department (Doc. 15, Ex. 5, pp. 37-8), Edwards has not offered evidence showing that the Defendants (or anyone else) presented or indicated to Edwards that the Procedure Manual was an employment contract or an employment offer.

Edwards also cites to the Steeleville Village Code ("Village Code") as purportedly evidencing that he had a property interest in his employment.  Specifically, Edwards points out that the "Employee Personnel Code" within the Village Code discusses a probationary procedure and provides for an evaluation of the employee's performance that is to be conducted at the end of a probation period.  As mentioned, however, "[m]ere procedural rights ... do not of themselves give rise to property interests protected under the Fourteenth Amendment." ***Heck,*** **985 F.2d at 311.**  A provision allowing an employee an evaluation at the end of a probation period provides no evidence that Edwards had a property interest in his *continued employment*.  ***See Campbell,*** **940 F.2d at 1113.**

Additionally, Edwards cites to a section of the Village Code stating that dismissal "shall be used as a disciplinary action of last resort at the discretion of the Mayor and the Village Board" (Doc. 15, Ex. 6).  Drawing upon a creatively-compiled list of legal citations for support, Edwards asserts that this Court should interpret this phrase as a statement that Edwards could be discharged only for "just cause." Regardless of this Court's acceptance or rejection of this argument, it is clear that neither this phrase nor any other provision Edwards cites in the Village Code constitutes a "clear promise" of continuous employment sufficient to overcome Illinois' presumption of "at-will"

6

employment.

As was the case with the Procedure Manual, Edwards also has failed to present to this Court sufficient evidence to show that the Village Code was ever disseminated or presented to Edwards (or any other employee) as constituting some sort of employment contract. On the contrary, as does the Procedure Manual, the Village Code contains its own clear and conspicuous disclaimer stating "this Code is not a binding contract between the Village and the employee ... [n]othing contained in this Code shall be construed as creating an employment agreement between the Village and its employees ...." (Doc. 14, Ex. F).

Finally, Edwards points to the deposition testimony of Michael Armstrong and Robert Reiss, arguing that both witnesses state that the practice or policy of the City is to fire employees only for "good cause." Reviewing this testimony, this Court finds both witnesses' statements on this point ambiguous. In both depositions, it was Edwards' attorney who first used the term "good cause" (*See* Doc. 15, Ex. 4, p. 45 and Ex. 5, p. 38). And, in answering these questions, it is not even clear to this Court that either witness was aware that "good cause" has a specific meaning as a legal term, and was not simply another way of saying "good reason."

Nonetheless, Armstrong and Reiss' understanding of the possible legal effect of their answers to Edwards' attorney's "good cause" inquiries is irrelevant. Edwards has failed to present evidence – other than that already found insufficient, such as the Procedure Manual and Village Code – that Armstrong and Reiss ever communicated these purported "policies and customs" to Edwards or any other Steeleville police officer. **See Hermes, 742 F.3d at 355 ("in the absence of such communication, [the Court] cannot conclude that the record reflects a rule or mutually explicit understanding sufficient to establish a due process property interest").**

In sum, viewing all of Edwards' evidence in the aggregate and in the light most favorable to Edwards, this Court cannot conclude that there existed a "mutually explicit understanding," or any other statute, regulation, municipal ordinance, or express or implied contract sufficient to establish a due process property interest in Edwards' continued employment as a police officer with the City of Steeleville. As an Illinois employee, Edwards' employment was "at-will," and Edwards could have been terminated "at any time for any reason or no reason...." ***Harris,* 771 N.E.2d at 1074-75.**

Lacking a property interest in his continued employment, Edwards was not entitled to any procedural due process regarding his termination. This Court **FINDS** that no genuine issues of material fact remain as to this issue, and the Defendants are entitled to judgment as a matter of law on all eight of Edwards' remaining Counts. Accordingly, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 56(c),** the Court hereby **GRANTS in its entirety** Defendants' motion for summary judgment (Doc. 13), and **GRANTS** summary judgment in favor of Defendants and against Edwards as to Edwards' eight remaining Counts – Counts I, II, and IV - IX. This case is now closed.

**IT IS SO ORDERED.**

**DATED this 28th day of April, 2006.**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**